IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 19-06121 MCF |
| ACEVEDO VELAZQUEZ, PABLO IVAN<br>xxx-xx-3276 | * | CHAPTER 13 |
| | * | |
| DEBTOR | | |

### DEBTOR'S MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329

**TO THE HONORABLE COURT:**

**COMES NOW, PABLO IVAN ACEVEDDO VELAZQUEZ,** the Debtor in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. The DEBTOR is hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated July 29, 2021, herewith and attached to this motion.

2. This Plan modification is filed to **amend Part 2, Section 2.1, in order to reduce the Plan monthly payment to $210.00 since the Debtor lost his job/income at PREPA (now LUMA) and was transferred to "Departamento de la Vivienda" another Government Agency as a regular employee, losing his *Per Diem* income from PREPA, also reducing the Plan base to $19,497.00; and Part 4, Section 4.3 to request additional attorneys fees for the post-petition work performed in the present case.**

### NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Page -2-
Post Confirmation Modification 11 USC 1329
Case no. 19-06121 MCF13

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the Debtor and to all creditors and interested parties appearing in the master address list, hereby attached.

**RESPECTFULY SUBMITTED**. In San Juan, Puerto Rico, this 29th day of July, 2021.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

**UNITED STATES BANKRUPTCY COURT**
**District of Puerto Rico, San Juan Division**

In Re
**ACEVEDO VELAZQUEZ, PABLO IVAN**

XXX-XX-3276

XXX-XX-

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** 07/29/2021

Case No: **19-06121 MCF**

Chapter 13

[ ] Check if this is a pre-confirmation amended plan.

[X] Check if this is a post confirmation amended plan
Proposed by:
    [X] Debtor(s)
    [ ] Trustee
    [ ] Unsecured creditor(s)

[X] If this is an amended plan, list below the sections of the plan that have been changed.

2.1; 4.3.

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 1*

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 210.00 | 8 | 1,680.00 | |
| 459.00 | 13 | 5,967.00 | |
| 210.00 | 27 | 5,670.00 | Reduction at month 14th of the Plan based based on loss of income. |
| 515.00 | 12 | 6,180.00 | Increase at month 49th of the Plan based on maturity of car lease. |
| Subtotals | 60 | 19,497.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

[X] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor total | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated payments by trustee |
|---|---|---|---|---|---|---|
| <u>Sistema Retiro AEE</u> | **Retirement Funds** | $578.28  Distributed by: [ ] Trustee  [X] Debtor | $ _____ | _____ % | $ _____ | $ _____ |

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 2

[X] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X] The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| <u>Coop A/C Piedras</u> | <u>Shares and Deposits as per Claim No. 3-1</u> |

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
[ ] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **None** | | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

[X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

Attorney's fees paid pre-petition: $ <u>232.00</u>

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 3*

| | |
|---|---|
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **3,768.00** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ **500.00** |

**4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

[X] The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $**1,123.55**

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| **Department of Treasury** | **1,123.55 as per Claim No. 6-1** |

*Insert additional lines as needed.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6 Post confirmation property insurance coverage**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[X] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$7,696 (P.V. $8,927.00).**

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

[X] **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 4*

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Popular Auto Leasing** | Car Lease 2012 Subaru Impreza | 453.27<br><br>Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | 3,380.78<br>to be paid through lease residual balance re-financing with Popular Auto | | _____ |

*Insert additional lines as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 Property of the estate will vest in the Debtor(s) upon

   *Check the applicable box:*

   [X] Plan confirmation.
   [ ] Entry of discharge.
   [ ] Other: _____

7.2 Plan distribution by the trustee will be in the following order:
   *(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

   1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
   1. Distribution on Attorney's Fees (Part 4, Section 4.3)
   1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
   2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
   2. Distribution on Secured Claims (Part 3, Section 3.7)
   2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
   3. Distribution on Secured Claims (Part 3, Section 3.2)
   3. Distribution on Secured Claims (Part 3, Section 3.3)
   3. Distribution on Secured Claims (Part 3, Section 3.4)
   3. Distribution on Unsecured Claims (Part 6, Section 6.1)
   4. Distribution on Priority Claims (Part 4, Section 4.4)
   5. Distribution on Priority Claims (Part 4, Section 4.5)
   6. Distribution on Unsecured Claims (Part 5, Section 5.2)
   6. Distribution on Unsecured Claims (Part 5, Section 5.3)
   7. Distribution on General Unsecured claims (Part 5, Section 5.1)

   Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1     Check "None" or list the nonstandard plan provisions

[ ] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

*Puerto Rico Local Form G (LBF-G)  Chapter 13 Plan  Page 5*

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This Provision Supplements Part 3 to provide for the Lifting of the 362(a) Stay:**
Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of **Toyota Credit de Puerto Rico**, as to collateral related to POC 2-1. The car loan is being paid directly to Toyota Credit de Puerto Rico by its principal (the Debtor is co-signer/co-debtor to said car loan). The Trustee will make no disbursements to secured creditor Toyota Credit de Puerto Rico, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

**8.5 This Provision Supplements Part 6 Executory Contracts and Unexpired Leases:**
The Debtor proposes to pay pre-petition arrears in the sum of $3,380.78 to Popular Auto Claim No.7-1, to be included and paid through the refinancing of the residual balance with Popular Auto, since the lease contract matured on 02/04/2020. The Trustee will make no disbursements to said Claim No. 7-1 by Popular Auto.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/Roberto Figueroa Carrasquillo  
Signature of attorney of Debtor(s)  
RFIGUEROA CARRASQUILLO LAW OFFICE PSC

Date July 29, 2021

PABLO IVAN ACEVEDO VELAZQUEZ

Date July 29, 2021

Date

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

```
Label Matrix for local noticing          POPULAR AUTO                              TOYOTA CREDIT DE PUERTO RICO
0104-3                                   PO BOX 366818                             MARTINEZ & TORRES LAW OFFICES PSC
Case 19-06121-MCF13                      SAN JUAN, PR 00936-6818                   PO BOX 192938
District of Puerto Rico                                                            SAN JUAN, PR 00919-3409
Old San Juan
Thu Jul 29 11:44:05 AST 2021

US Bankruptcy Court District of P.R.     American Express National Bank            Amex
Jose V Toledo Fed Bldg & US Courthouse   c/o Becket and Lee LLP                    PO Box 981537
300 Recinto Sur Street, Room 109         PO Box 3001                               El Paso, TX 79998-1537
San Juan, PR 00901-1964                  Malvern PA 19355-0701


Banco Popular de Puerto Rico             COOPERATIVA A/C LAS PIEDRAS               Cavalry Portfolio Serv
Bankruptcy Department                    APARTADO 414                              500 Summit Lake Dr
PO Box 366818                            LAS PIEDRAS PR 00771-0414                 Valhalla, NY 10595-2322
San Juan, PR 00936-6818


Cavalry SPV I, LLC                       Cbna                                      Citi
500 Summit Lake Drive, Ste 400           PO Box 6497                               PO Box 6190
Valhalla, NY 10595-2321                  Sioux Falls, SD 57117-6497                Sioux Falls, SD 57117-6190


Citibank NA                              Coop A/C Piedras                          Costco Wholesale Corporation
PO Box 790110                            PO Box 252                                999 Lake Dr
St Louis, MO 63179-0110                  Las Piedras, PR 00771-0252                Issaquah, WA 98027-5367


DEPARTMENT OF TREASURY                   Departamento de Hacienda                  (p)JEFFERSON CAPITAL SYSTEMS LLC
        BANKRUPTCY SECTION 424 B         PO Box 9024140                            PO BOX 7999
        PO BOX 9024140                   San Juan, PR 00902-4140                   SAINT CLOUD MN 56302-7999
        SAN JUAN, PR 00902-4140


LVNV Funding, LLC                        POPULAR AUTO                              Popular Auto Leasing
Resurgent Capital Services               BANKRUPTCY DEPARTMENT                     PO Box 362708
PO Box 10587                             PO BOX 366818                             San Juan, PR 00936-2708
Greenville, SC 29603-0587                SAN JUAN PUERTO RICO 00936-6818


(p)PORTFOLIO RECOVERY ASSOCIATES LLC     Sistema de Retiro AEE                     Syncb/Jc Penney Pr
PO BOX 41067                             PO Box 70375                              PO Box 965007
NORFOLK VA 23541-1067                    San Juan, PR 00936-8375                   Orlando, FL 32896-5007


Syncb/Sams Club DC                       Synchrony Bank                            Synchrony Bank
PO Box 965005                            c/o PRA Receivables Management, LLC       c/o of PRA Receivables Management, LLC
Orlando, FL 32896-5005                   PO Box 41021                              PO Box 41021
                                         Norfolk VA 23541-1021                     Norfolk, VA 23541-1021


Thd/Cbna                                 Toyota Credit de Puerto Rico              Toyota Motor Credit Co
PO Box 6497                              PO Box 9013                               PO Box 9786
Sioux Falls, SD 57117-6497               Addison, Texas 75001-9013                 Cedar Rapids, IA 52409-0004
```

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO BOX 9024062
SAN JUAN, PR 00902-4062

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET SUITE 301
SAN JUAN, PR 00901

PABLO IVAN ACEVEDO VELAZQUEZ
HC04 BOX 8360
AGUAS BUENAS, PR 00703-8851

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33